**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROB FISCHER, on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETGEAR, INC.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## SUMMARY OF THE ACTION

1. Defendant Netgear Incorporated ("Netgear" or "Defendant") is a leading manufacturer and seller of wireless internet connectivity devices. One such device is called a wireless network range extender ("Range Extender").

2. Range Extenders work by extending the range of a wireless internet network ("WiFi network"). Range Extenders are designed to connect to a WiFi network and boost its signal, so that the network is available at a greater distance from the wireless internet router then it was previously.

3. Range Extenders do not, and cannot, extend the range of a WiFi network by 100 percent. Typically, Range Extenders, including the Defendant's, extend the range of an existing WiFi network by less than 50 percent.

4. As a leading manufacturer and seller of Range Extenders, no one knows the limitations of Range Extenders better than Netgear. Despite this knowledge, Netgear prominently represents its Range Extenders as extending WiFi networks by close to 200 percent.

5. These prominent representations are conspicuously located on the packaging of all Netgear's Range Extenders, as well as in various forms of internet advertising. These representations constitute knowingly false promises by Netgear, made for the purpose of selling more of its Range Extenders. These false promises are made at the expense of consumers, because consumers purchase Range Extenders expecting them to conform to Netgear's representations.

6. Additionally, because each Range Extender fails to conform to the representations made on its packaging, Defendant's Range Extenders violate the terms of the express warranty that Netgear makes to consumers. The Plaintiff, Robert Fischer, is one such consumer; and he brings this class action complaint to obtain relief for all consumer class members harmed by Netgear's conduct.

## COMMON FACTUAL ALLEGATIONS

7. Netgear develops and manufactures Range Extenders.

8. Range Extenders are designed to be plugged into the 120-volt electrical outlet of a consumer's home and business, and then connected to the local WiFi network router via computer. After linking the Range Extender to the WiFi router, the Range Extender is able to boost the range of that WiFi network, so that it is available a greater distance from the WiFi router. This effectively extends the range of the WiFi network and allows the consumer to connect internet-ready devices to their network in areas of their home or business where it was not previously available.

9. Netgear expressly warrants the ability of its Range Extenders by displaying the following information on the box of every Range Extender that it sells:





N150 WiFi Range Extender

Data Sheet

WN1000RP

WiFi Range Extenders boost your existing WiFi & deliver greater wireless speed where the signal is intermittent or weak, improve range & connectivity you desire for iPads®, smartphones, laptops & more.




10. As the text in the diagram indicates, the blue hexagon represents the consumer's existing WiFi network. The yellow hexagon is Netgear's representation of the additional range the WiFi network will have when a Range Extender is used.

11. The above representation that Netgear makes about its Range Extender is false. Range Extenders do not, as represented in the diagram, extend WiFi networks by considerably more than 100 percent.

12. In fact, Netgear's Range Extenders only work to extend the range of consumer's WiFi network by less than 50 percent.

13. While the exact percentage of how much a given consumer's WiFi network may be extended by the Range Extender will vary depending on that consumer's WiFi router, internet speed, and the architecture of the space where the Range Extender is used, the the Range Extender—by its very nature—cannot in any case conform to the representation made by Netgear that it boosts a WiFi network by more than 100 percent.

14. Not surprisingly, consumers have taken to the internet to voice their displeasure with the Range Extender's ability to boost WiFi signal:

---

★☆☆☆☆ **Worst product** – June 11, 2015

– Review provided by Staples
June 11, 2015

DO NOT BUY. I'm a simple person. I wasn't getting enough wifi in my bedroom to play HD video consistently. I went out, bought this product expecting it to AT LEAST cover the 6 feet from my wall outlet to my bed to ocmfortaobly watch movies and videos. What I got was 2 bars, less then the router 100ft away from my room. When standing maybe 3 feet away from it and with 3 bars I tried to connect to youtube and netflix the WHOLE REASON I BOUGHT THE THING but I got a "server error." connected back to the router and youtube and netflix started up just fine. Basically if you need 1 bar of coverage that doesn't let you do anything get this router. If not invest in a quality router or $80 wifi extender. Returning immediately

---

★☆☆☆☆ **NetGear N150 WiFi range extender** – December 26, 2014

– Review provided by Staples
December 26, 2014

I have had this unit for about a month. It was relatively simple to set up. I chose this unit primarily because I have a NetGears router and I thought they would be compatible and work well together. The router and the extender are compatible, but that is about it. I have not noticed any difference in the range or stronger signal. After a short while my device disconnect from the extender and reconnect with my original router. For those people looking for an signal extender, stay away from this one. I do like NetGears, but they missed with this one.

15. Netgear has sold and continues to sell at least six models of its Range Extender. Each model makes representations on its packaging identical to those shown above; and each model of Range Extender suffers from precisely the same issue herein described.

16. Netgear is acutely aware that its Range Extenders cannot boost a WiFi network by more than 100 percent.

**PARTIES**

17. Plaintiff Rob Fischer is a natural person, citizen and resident of Cook County, Illinois. Plaintiff, on behalf of himself and other persons similarly situated, brings this class action complaint against Netgear to obtain all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

18. Netgear is a California-based for-profit corporation that produces networking hardware for consumers, businesses, and service providers. Netgear conducts substantial business in Illinois and throughout the United States.

19. Netgear, its subcontractors, agents, directly or else through other persons acting on its behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all the wrongful acts, defects, and omissions which are the subject matter of this complaint.

**JURISDICTION AND VENUE**

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District. Jurisdiction is proper in this District pursuant to the Class Action Fairness Act.

## FACTS SPECIFIC TO PLAINTIFF FISCHER

21. Plaintiff Fischer purchased a Netgear Range Extender model number WN3000RPv3 in approximately 2016. Plaintiff Fischer purchased a Range Extender because he was not able to get satisfactory WiFi signal throughout his entire home.

22. Plaintiff Fischer installed the Range Extender in his single-family, two-story home. Plaintiff Fisher's home is less than 2,000 square feet.

23. Plaintiff Fischer tried placing the Range Extender in various locations of his home. No matter the location, Plaintiff Fischer was only able to achieve a negligible extension of his WiFi network, and never more than 100 percent additional coverage.

24. In purchasing Netgear's Range Extender, Plaintiff Fischer specifically relied on the image shown above in making his purchase.

25. Plaintiff Fischer would not have paid as much money as he did for the Range Extender—if any money at all—had he known that it did not conform to the representations shown above.

## CLASS ACTION ALLEGATIONS

26. Plaintiff Rob Fischer brings this action on behalf of himself and a class of person (the "Class") defined as: "All persons in the state of Illinois who purchased a Netgear Range Extender."

27. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents,

successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff currently, but it is clear that individual joinder is impracticable.

29. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant breached its express warranty;

(b) Whether Defendant was unjustly enriched; and

(c) Whether Defendant's advertisements, marketing, packaging of its Range Extenders violated Illinois consumer protection laws

30. **Typicality:** Plaintiff's claims are typical of those of the Class in that they, just like the other members of the class, purchased Defendant's Range Extenders that did not have the specifically represented capabilities.

31. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex

litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. Plaintiff also has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

33. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery. Netgear

should be on notice that Plaintiff plans to expand this class definition to all other Range Extender models identified in discovery that are subject to the false claims herein sued upon.

**FIRST CAUSE OF ACTION**
**(Breach of Express Warranty)**
**(on behalf of Plaintiff and the Class)**

34. Defendant has detailed and specific knowledge of the performance and capabilities of its Range Extenders.

35. As plead herein, Defendant prominently represents on the packaging of each Range Extender the capabilities of that Range Extender to extend a WiFi network.

36. Each Range Extender made and sold by Netgear does not conform to the representations made by Netgear.

37. The representations made by Netgear on the packaging of its Range Extenders constitute a promise by Netgear relative to the performance of those Range Extenders.

38. Plaintiff and the Class paid consideration for this promise forming mutual assent and a contract.

39. Defendant breached the terms of its agreement with Plaintiff and the Class by selling Range Extenders that did not and do not conform to the warranties made by Netgear.

40. Plaintiff and the Class have suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Unjust Enrichment / Quasi Contract)**
**(on behalf of Plaintiff and the Class)**

41. Plaintiff and the Class conferred a benefit upon Defendant when they paid for a Range Extender that was less effective than what Defendant promised.

42. Defendant's representations and consequent sales of its Range Extenders enriched Defendant and increased their revenue.

43. This increased revenue was made by virtue of Netgear's misrepresentations about the ability of their Range Extenders. Defendant sold its Range Extenders for more money than it otherwise could have, had it notified Plaintiff and the Class that the Range Extenders did not have the ability to boost WiFi signal by more than 100 percent.

44. Defendant's retention of these extra monies from Plaintiff and the Class is unjust. By retaining these extra monies, Defendant has been unjustly enriched.

45. As a result, Plaintiff and the Class were and remain damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Comp. Stat. 505/1, *et seq*.)**

46. Defendant represented through advertising, marketing, and the packaging of its Range Extenders that those Range Extenders would have certain capabilities. Those material representations to Plaintiff and the Class represented characteristics, uses and benefits that Defendant's Range Extenders did not possess.

47. Defendant intended that consumers would rely on the characteristics, uses and benefits that it represented relative to its Range Extenders.

48. Defendant's unfair and deceptive representations occurred in trade or commerce.

49. Defendant's representations were unfair and deceptive and resulted in an ascertainable economic injury to Plaintiff and the Class.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Rob Fischer, individually and on behalf of the Class, prays for the following relief:

(a) Certification of Plaintiff's class action claims;

(b) Designation of Plaintiff as an adequate class representative for Class Members;

(c) Designation of Plaintiff's counsel as Class Counsel;

(d) An award of actual, statutory, and/or punitive damages for to the extent recoverable by law;

(e) An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(f) Pre-judgment and post-judgment interest, as provided by law;

(g) Payment of a reasonable incentive award to Plaintiff in recognition of the services he has and will render in furtherance of all Class members' interests including the risks he is taking litigating this case; and

(h) Such other and further legal and equitable relief as this Court deems necessary.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted:

*/s/ Roberto Luis Costales*

______________________________

Roberto Luis Costales
William H. Beaumont
BEAUMONT COSTALES LLC
3151 W. 26th Street, Second Floor
Chicago, Illinois 60623
Telephone: (773) 831-8000
rlc@beaumontcostales.com
Attorneys for Plaintiff